```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

CHAD STEPHENSON,                  )
                                  )
    Plaintiff and Counter-        )
    Defendant,                    )    Civil Case No. 15-cv-17-JMH
                                  )
v.                                )
                                  )
ADT, LLC,                         )    **MEMORANDUM OPINION & ORDER**
                                  )
    Defendant and Counter-        )
    Plaintiff.                    )

                                                            ***

    This matter is before the Court upon Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment [DE 13] filed by Defendant and Counter-Plaintiff ADT, LLC ("ADT"), and supported by a Memorandum of Law [DE 14; *see also* Declaration of Michael P. Schultz, DE 15]. Plaintiff and Counter-Defendant Chad Stephenson has filed a Response [DE 16], stating his objections, and ADT has filed a Reply [DE 17; *see also* Declaration of William S. Rutchow, DE 18] in further support of its Motion. Having carefully considered the request for relief, ADT's motion will be granted.

**I.**

    ADT seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or, in the alternative, summary judgment pursuant to Federal Rule of Civil Procedure 56(a). "'For purposes of a motion for judgment on the pleadings

[pursuant to Federal Rule of Civil Procedure 12(c)], all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). "A motion brought pursuant to Rule 12(c) is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id*. (quoting *Winget*, 510 F.3d at 582).

Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant must show the district court that no genuine issue of material fact exists, and the Court must view all evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in the nonmoving party's favor. *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir.2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)). There is a genuine issue of material fact only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Thus, the Court considers

"whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52.

The Court has considered evidence outside of the pleadings while evaluating ADT's request for relief and, thus, considers this request for relief as a motion under Federal Rule of Civil Procedure 56(a).  Ultimately, for the reasons explained below, the Court concludes that summary judgment in favor of ADT is appropriate.

**II.**

On December 22, 2014, Stephenson filed a Complaint in the Fayette Circuit Court, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, arising out of his employment with ADT during 2012 and 2013.  In his Complaint, he avers that he "filed charges of employment discrimination with the EEOC.  The EEOC mailed a Dismissal and Notice of Rights on September 22, 2014.  This action arises, in part, under Title VII and was timely filed within 90 days of the plaintiff's receipt of the notice."  [DE 1-1 at 3, ¶ 12, PageID#: 10.]

ADT avers in its Counterclaim [DE 3] that, by filing the present lawsuit, Stephenson has breached a Negotiated Settlement Agreement entered into by the parties and which resulted in the

3

dismissal of Stephenson's claim for violations of the Americans with Disabilities Act, No. 24H-2014-000026, before the Lexington-Fayette Urban County Human Rights Commission. The Negotiated Settlement Agreement, signed and dated by Stephenson on June 12, 2014, states that he will "not . . . institute a lawsuit with respect to . . ." the charge that he had brought before the Lexington-Fayette Urban County Human Rights Commission and provides that he will "execute a full release to [ADT] of any and all claims arising from the . . . charge" in exchange for "employee-discounted service rates for a time of three (3) years made active upon completion of this agreement." [DE 3-1 at 1, Page ID#: 33.] ADT began providing Stephenson discounted service rates in June 2014 in keeping with the agreement, ADT's agent signed the agreement on August 30, 2014, and, to date, Stephenson has not tendered the monetary value of the discounted security services received back to ADT. [*See* DE 3-1 at 1, Page ID#: 33; Declaration of Michael P. Shultz, DE 14-3 at 1-2, Page ID#: 90-91.] In the Motion before the Court, ADT seeks relief on its counterclaim for breach of contract and seeks specific performance of the contract and the dismissal of Stephenson's claims against it.

Stephenson contends, however, that no agreement was reached because he withdrew his assent to the Negotiated Settlement Agreement and communicated that withdrawal to the Lexington-

4

Fayette Urban County Human Rights Commission ("HRC") prior to ADT signing the agreement on August 30, 2014. Stephenson offers no sworn statement to support his claim that he took these actions, citing only the absence of the signature of an agent of the HRC on the Agreement, the entry of the HRC's September 18, 2014, Withdrawal [DE 9-1, Page ID#: 55], and the issuance of a Notice of Right to Sue [DE 9-2, Page ID#: 56] on September 22, 2014, as evidence that the parties failed "to conciliate the Negotiated Settlement Agreement."

Contrary to Stephenson's conclusory argument, the evidence in the record does not present a sufficient disagreement to require this Court to submit this issue for trial. Rather, ADT has presented proof that Stephenson signed the Negotiated Settlement Agreement, which he does not dispute. Stephenson's conclusory statement that he timely communicated a change of heart about his assent to the settlement agreement to someone at the HRC or ADT is not enough on its own. He might have made a sworn statement concerning this matter which would have created a triable issue of material fact, but he did not. Nor is the Court persuaded that the absence of a signature from an HRC agent has any legal effect on the enforceability of the agreement by and between Stephenson and ADT.[1]  Nor is the Court

---

[1] While the Court need not consider it in order to reach its conclusion, it does note that there is undisputed evidence in the record that both the HRC investigator assigned to the matter, Aaron Slatten, and counsel for ADT

5

persuaded that the entry of the Notice of Withdrawal creates a disputed issue of material fact. While the Notice of Withdrawal could communicate many things, it ultimately tells this Court only that the HRC recognized the withdrawal of Stephenson's claim, which is in keeping with the settlement or resolution of a claim.[2]

Even if there was evidence that Stephenson had made efforts to withdraw his assent, the Court is not persuaded that it would avail Stephenson anything because "offerors generally have the power to revoke or modify offers until the offeree accepts or performs, [this assumes that] the revocation or modification is communicated to the offeree before any attempted acceptance." *Furtula v. Univ. of Kentucky*, 438 S.W.3d 303, 317 (Ky. 2014) (quoting *City of Houston v. Williams*, 353 S.W.3d 128, 140 (Tex. 2011)). Assuming without deciding that Stephenson was the offeror in this scenario, it appears that ADT

---

communicated via email as late as August 30, 2014, about finalizing and concluding the matter via settlement agreement, which suggests that both HRC and ADT continued working under the assumption that the matter was resolved. [*See* DE 18-3 at 2, Page ID#: 125.]

[2] The Court accepts that the Notice could be entered for any number of reasons, including a situation where the parties attempted to reach a settlement and ultimately failed to do so. Notably, the Notice includes the following language:  "This is a Notice that this Order concludes the Lexington-Fayette Urban County Human Rights Commission's processing of the subject charge.  This is a notice that if the Charging Party so chooses to pursue this matter further by filing a private court action, the Commission requests that you send a copy of the Court complaint to this office within ten (10) days of filing." [DE 9-1, Page ID#: 55.]  That said, the entry of the Notice without more does not tell the Court anything about why it was entered.  Certainly, its existence and entry does not suggest that a party necessarily has an unimpeded right to pursue the matter further without more.

6

performed almost immediately by providing the discounted service rates to Stephenson and, thus, Stephenson's opportunity to revoke or modify his offer expired very quickly.

Finally, the Court agrees with ADT's argument, in the alternative, that Stephenson is estopped from denying the release of his claims against ADT because of a "failure to tender back the consideration he received in exchange for the release" contained in that agreement. *See Hicks v. Combs*, 223 S.W.2d 379, 381 (Ky. 1949) (holding that, "[w]here one accepts and retains benefits of a transaction or of an instrument which he was not required to take, an estoppel operates to prevent the party that benefited from questioning the validity of the transaction or basis of it."); *P.V. & K. Coal Co. v. Kelly*, 191 S.W.2d 231, 234 (Ky. 1945) (holding that a party cannot later contest the validity of a contract when he has stood idly by in silence with knowledge that another is performing on that contract). There is undisputed evidence that Stephenson has taken advantage of the discounted services provided by ADT since June 2014 as consideration for his agreement to resolve his claim against it. ADT has lived up to its end of the bargain, to Stephenson's benefit, and Stephenson may not question the validity of the parties' agreement at this late date.

At the end of the day, the Court is left with Stephenson's "agree[ment] not to institute a lawsuit with respect to [his]

7

charge; and . . . to execute a full release to [ADT] of any and all claims arising from the aforementioned charge. . . ." in exchange for ADT's promise to "[p]rovide [Stephenson] with employee-discounted service rates for a time of three (3) years made active upon completion of this agreement."  [DE 3-1, ¶¶3-4.]  ADT has provided the discounted rates as promised, to the benefit of Stephenson.  Stephenson entered into an agreement with ADT, and ADT has upheld its end of the bargain.  Considering the undisputed, material evidence before this Court in the light most favorable to Stephenson, the Court concludes that summary judgment in favor of ADT is appropriate.  Stephenson must fulfill his end of the bargain, as well, and his claims shall be dismissed.

Accordingly, **IT IS ORDERED** that ADT's Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment [DE 13] is **GRANTED.**

This the 30th day of September, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge